PER CURIAM.
This matter is before the Court on petition of The Florida Bar for approval of conditional guilty plea for consent judgment and entry of final order of discipline for a six-month suspension and a two-year probation after proof of rehabilitation.
*235 The Florida Bar filed its petition alleging that respondent violated Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility by failing to take any significant action on behalf of a client after accepting a $75 retainer and thereafter refusing to refund any portion of said amount.
Respondent also violated Disciplinary Rules 6-101(A)(3), 9-102(A), and 9-102(B)(4) by accepting an initial retainer of $100 plus $260 to hold in trust for a client for the purpose of paying a $260 bad check. He thereafter appropriated the $260 towards his fee without the client’s express permission.
The respondent has executed a conditional guilty plea for consent judgment in which he admitted violating Disciplinary Rules 6-101(A)(3), 7-101(A)(2), 9-102(A), and 9-102(B)(4) of the Code of Professional Responsibility and Rules 11.02(3)(a) and 11.-02(4) of the Integration Rule of The Florida Bar.
' As part of the conditional guilty plea, the respondent consents to the following disciplinary measures:
A. Suspension from the practice of law for six months beginning on the date of the Court’s order approving this conditional guilty plea and until he has proved rehabilitation as required by Rule 11.11 of the Integration Rule of The Florida Bar.
B. Payment of $260 to John W. Farmer, Jr., representing reimbursement of the trust funds respondent received from Mr. Farmer.
C. In the event respondent proves rehabilitation and is reinstated, said reinstatement shall be subject to probation for two years during which time:
(1) Respondent shall drink no alcoholic beverages during probation except with the express written consent of a physician;
(2) Respondent shall arrange for affidavits to be submitted to The Florida Bar on a quarterly basis from a counselor, physician, or other qualified person stating that respondent has not consumed alcoholic beverages during that period;
(3) Respondent shall file sworn quarterly case load reports with The Florida Bar with information as specified in the conditional guilty plea;
(4) Respondent shall open, with one working day’s notice, his case files and his trust account records for inspection by a member of The Florida Bar.
The Board of Governors of The Florida Bar approved respondent’s conditional guilty plea for consent judgment and submitted it to this Court for approval.
We grant approval of this conditional guilty plea and direct publication of this opinion in Southern Reporter to serve as a public reprimand to respondent. In addition, costs in the amount of $306 are hereby taxed against respondent.
The suspension shall be effective November 19, 1979, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients. Respondent shall not accept any new business. The filing of a motion for rehearing shall not alter the effective date of this suspension.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.