PER CURIAM.
Respondent Charles D. Stewart entered a conditional guilty plea to a complaint filed by The Florida Bar alleging he violated certain disciplinary rules. In our opinion reported at 376 So.2d 234 (Fla.1979), we suspended Stewart for six months and until he has proved his rehabilitation. This cause is before us on Stewart’s petition for reinstatement and report of the referee.
The referee found:
After his suspension, Petitioner continued his legal residence in Okaloosa County, Florida. His employment following was by Charles Amos, a Fort Walton Beach attorney. Petitioner did research and assisted Mr. Amos in the operation of his office. Mr. Stewart did not engage in the practice of law. He received compen *171 sation for his services until just prior to the reinstatement hearing. .. . The witness is confident Stewart is fit to resume the practice of law.
In August, 1979, Petitioner voluntarily sought help for his addiction to alcohol by entering the Drug Abuse Program at Pensacola. He successfully completed the in-residence program in five months and two weeks.
Upon discharge, Petitioner was supervised by the Okaloosa Guidance Clinic. The professional counselor at the clinic was not available as a witness at the hearing herein. Because of the counsel- or’s absence, the official records on Petitioner were not introduced in evidence. However, .a volunteer counselor at the clinic knew nothing adverse to Petitioner.
The evidence establishes that Petitioner for several years prior to these proceedings was unable to control his use of alcohol. Previously, he was a successful and highly respected trial attorney. Stewart admits he is- an alcoholic but testified he has not had any alcohol since February, 1979.
The local Masonic Lodge has given the Petitioner financial assistance during the period of his suspension. It has disbursed for his benefit four to five thousand dollars to his creditors. Included was the procurement of a cashier’s or certified check for $260.00 payable to John W. Farmer, whose funds Petitioner had converted to his own use. Stewart testified he has been unable to locate Farmer so as to satisfy the requirement of the Supreme Court to make refund. At the time of reinstatement hearing, the check appeared to be in the office of Attorney Charles Amos.
Nine witnesses, including five members of the Okaloosa County Bar, testified on behalf of the Petitioner. The gist of the lawyers’ testimony is to the effect that prior to suspension, Petitioner was guilty of gross alcoholic abuse, resulting in his inability to function as a lawyer. After suspension and treatment for alcohol, Stewart has rehabilitated himself. Thus, the opinion is he is now capable of assuming the responsibilities and trust of an attorney.
The lay witnesses had contact with the Petitioner mainly through the Masons and Alcoholics Anonymous. They view him as a rehabilitated alcoholic, who under the belief of Alcoholics Anonymous, meets his problem with alcohol on a day-to-day basis.
The amended petition for reinstatement reveals that Petitioner is heavily in debt. Included are four outstanding judgments and a pending suit by a law book publisher seeking more than $3,000 damages.
In addition, The Florida Bar introduced three exhibits. Two are recorded liens for income taxes, the third a recorded state lien. Petitioner denies owing the federal and state liens.
Petitioner filed no income tax return for the years 1977, 1978, and 1979. He disclaims any liability but the question of his responsibility is still pending.
We hereby approve these findings.
The referee recommends:
1. That the Petitioner, Charles D. Stewart, be reinstated as a member of The Florida Bar.
2. (a) That the undelivered check for $260.00 to reimburse John W. Farmer, Jr., as required by this court, be placed in escrow with The Florida Bar for delivery to Farmer, if and when Petitioner locates him.
(b) That the Petitioner be required to diligently seek and locate John W. Farmer.
(c) That he semi-annually report to The Florida Bar what efforts he has pursued to locate Farmer.
3. That the Petitioner be required to actively participate in Alcoholics Anonymous.
4. That Petitioner be required to immediately pursue the issue of his liability for income taxes for the years 1977,1978, and 1979, and pay such sums as may be assessed against him. Further, he should quarterly make a full report of his actions under oath to The Florida Bar.
*172 5. Likewise, Petitioner be required to determine what taxes, if any, are due the State of Florida, and promptly pay any amount due.
6. That Petitioner be required to quarterly file with The Florida Bar a list of his creditors, including judgments, as appended to his petition filed herein, together with payments made or other disposition thereof. The statement shall be made under oath.
We hereby approve the referee’s recommendations. We note The Florida Bar’s objection to recommendation 2(a), but we authorize the Bar to accept the funds held for the missing person, John Farmer, pursuant to The Florida Bar Integration Rule, article XI, rule 11.02(4)(e).
Accordingly, Charles D. Stewart is reinstated to the practice of law with a two-year probationary period beginning on the date of this opinion.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.